## HOLZBEIERLEIN v. HOLZBEIERLEIN et al.
### No. 6785.

United States Court of Appeals for the District of Columbia.

Decided May 3, 1937.

Rehearing Denied June 17, 1937.

James A. Toomey and Vincent L. Toomey, both of Washington, D. C., for appellant.

Harry A. Grant and Fontaine C. Bradley, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

At the threshold of this case we are met with a motion by the appellee to dismiss the appeal upon the ground that it was taken by appellant from a decree denying a motion for a rehearing, and not from the final decree of the court disposing of the case upon its merits. However, an examination of the record leaves the facts relating to this point in such uncertainty that we have considered the case upon its merits rather than dismiss it summarily.

This suit was begun by appellant as plaintiff in the District Court of the United States for the District of Columbia seeking a decree to set aside certain conveyances and transfers of real and personal property made by defendant upon the eve of his marriage to plaintiff upon the ground that they were fraudulent and deprived her of her marital rights in the property.

The case was tried below upon testimony but the record filed in this court contains only copies of the pleadings, the findings of fact, and the conclusions of law of the trial justice. These are in part as follows, to wit:

That plaintiff and defendant were married on September 25, 1923, after an engagement of six months; that plaintiff was a widow 42 years of age and had one child by a former marriage; that defendant was a widower 62 years of age, having three children by a former marriage, namely, Henry and William Holzbeierlein, and Marie C. Luckett; that the defendant was engaged in the bakery business in the city of Washington for many years prior to his marriage to plaintiff, and had accumulated considerable real and personal property; that in 1923 the bakery was a profitable business and had approximately 60 employees, operated from 20 to 25 delivery wagons, and occupied certain real estate owned by the defendant; that the defendant personally managed and controlled the business; that during the marriage engagement defendant represented to plaintiff that he was the owner of the bakery business and "the boss" of it, and that he was able to support and maintain her; that on August 21, 1923, defendant caused his business to be incorporated under the name of Holzbeierlein & Sons, Inc., with an authorized capital of $200,000 divided into 2,000 shares each of the par value of $100, and defendant and his two sons, Henry and William, became its officers and directors; that on August 29, 1923, the board of directors adopted a resolution whereby the corporation accepted all of the real and personal property used in the bakery business conducted by defendant, in exchange for the entire authorized capital stock of the corporation, the aggregate amount thereof, as aforesaid being $200,-000; that subsequently on the 22d and 24th days of September, 1923, a day or so before his marriage to plaintiff, defendant executed and delivered deeds to the corporation, conveying the real estate used as part of the bakery business and a bill of sale for the personal property used in connection therewith, to the corporation; that the reasonable market value of the real estate and personal property thus transferred was approximately $80,000; that a certificate of stock in the corporation for 2,000 shares of $100 each was issued to defendant, but subsequently certificates for 10 shares of such stock were issued to each of the three children of defendant, and 10 shares and 1,960 shares issued to defendant. At a later time, to wit, in May, 1934, 3 certificates for 656⅔ shares each were issued respectively to defendant's children,

Henry and William Holzbeierlein and Marie C. Luckett, thus transferring without consideration the entire holding of the defendant in the corporation to his children who now own the outstanding stock thereof; that the defendant at the time of his marriage owned and now owns other real estate in Washington valued at $112,750 and in addition he owns as tenant in common with plaintiff their residence valued at $24,000, which he purchased after their marriage; that the plaintiff at the time of her marriage to defendant did not know or have the means of knowing that defendant had transferred the bakery property to the corporation, but believed his representations that he owned it; that defendant had purposely concealed the transaction and withheld all information concerning it from her; that after their marriage plaintiff continued under the impression that the bakery property was owned exclusively by her husband; that afterwards, in the year 1933, plaintiff learned of the transfer of the bakery business to the corporation, and she then employed counsel to obtain a settlement with her husband of her marital interest in the property, but without success.

The court found in fact that in contemplation of his marriage to the plaintiff the defendant conceived the plan to divest himself of the legal title to the real and personal property owned by him and used in connection with the bakery business in order to defraud the plaintiff of her marital right of dower in his property, and that in order to conceal the transaction and deceive and defraud her he did not conduct the business in the corporate name but continued to deal throughout as if he were the sole owner of the property, and also that defendant's children, individually, and as members of the board of directors of the corporation, knew of the fraudulent intent and purpose of their father and lent their assistance in concealing the transaction from plaintiff.

The court further found that defendant has life insurance amounting to $74,000; that his children are equal beneficiaries of $14,000 of this insurance; that the remaining $60,000 of insurance is paid up; that the children were originally designated as beneficiaries of this amount, but on November 29, 1926, the beneficiaries were changed and at the request of defendant the National Savings & Trust Company of Washington, trustee, was named as beneficiary, and by virtue of the terms of the trust agreement between defendant and the trustee dated August 6, 1926, the proceeds of the insurance are to be held in trust for the use and benefit of defendant's three children, Henry and William Holzbeierlein and Marie Luckett.

The court found that the plaintiff and defendant continue to live together in Washington. He is a very ill man, suffering from diabetes and requires care, attention, and nursing. The plaintiff renders what service she can and in addition he has a male nurse.

The lower court held that defendant was guilty of fraud and that the plaintiff was entitled to a decree vacating and setting aside each deed executed by him conveying real estate to the corporation to the extent that such deed bears upon or in any manner affects plaintiff's right of dower in such property, but that in all other respects such deeds are valid conveyances to the corporation of the real estate.

The lower court also held that the bill of sale made to the corporation by the defendant on September 24, 1923, was a valid transfer and conveyance to the corporation of all the personal property therein described, and that the plaintiff has no title, interest, right of ownership, or claim upon such personal property.

The present appeal was then taken.

In the assignment of errors the plaintiff alleges that the court erred in entering the decree inasmuch as it failed to vacate all the transfers of personal property and life insurance enumerated in her bill of complaint; and that the court erred in not vacating the transfer of the bakery business by defendant to the corporation; also that the court erred in not vacating the life insurance trust created by defendant in favor of his three children by his first marriage.

The defendant took no exceptions to the findings or decree of the court, and no cross-appeal was taken by him.

The present review in this court relates solely to the lower court's refusal to set aside the transfers of personal property, including life insurance, made by defendant to his children.

We are of the opinion that the decree of the lower court is right.

■ In respect to the life insurance, the fact appears that the policies were obtained several years before the marriage of the plaintiff and defendant and that defendant's children were made the benefi-

ciaries therein when they were first issued and delivered to defendant. The arrangement subsequently made whereby the National Savings & Trust Co. became trustee under the policies for the benefit of the same children did not substantially alter the force and effect of the policies in their behalf as beneficiaries. It is plain that there was no actual transfer of the insurance and that no fraud can be rightfully claimed with respect to the mere change of form.

 In respect to the personal property, other than the insurance, which it is alleged the defendant transferred in order to defeat the plaintiff's marital rights, it may be noted that the transfers were made to defendant's children, that they were absolute and irrevocable, and that the donor at all times retained a considerable estate for the support of his wife and himself.

■ Moreover it has been held by the decided weight of authority that a husband has the absolute right to transfer his personal property during coverture without the consent of his wife. Wright v. Holmes, 100 Me. 508, 62 A. 507, 510, 3 L.R.A.(N.S.) 769, 4 Ann.Cas. 583. This rule obtains even where the transfer is made with the intent to defeat the claims of the wife. Poole v. Poole, 96 Kan. 84, 150 P. 592, Ann.Cas.1918B, 929.

The leading case on this subject appears to be Wright v. Holmes, supra, where a considerable review is made of the matter. It is there said: "And we think that by that weight of authority the rule is established that the law places no restriction or limitation on the power of the husband to make such disposition by gift, voluntary conveyance or otherwise, of his personal property during his lifetime, as he may wish, even though his wife is thereby deprived of the distributive share therein, which would otherwise fall to her upon his death. He may by gift dispose of his personal property absolutely, without the concurrence and against the will of his wife, exonerated from all claim by her, provided the transaction is not merely colorable, and is unattended by facts indicative of some other fraud upon her than that arising from his absolute transfer, to prevent her having an interest therein after his death. To hold that a wife has a vested interest in her husband's personal estate that he is unable to divest in his lifetime, would be disastrous to trade and commerce. Padfield v. Pad-

field, 78 Ill. 16; Hays v. Henry, 1 Md.Ch. 337." See, also, Redman v. Churchill, 230 Mass. 415, 119 N.E. 953; Osborn v. Osborn, 102 Kan. 890, 172 P. 23; Williams v. Williams (C.C.) 40 F. 521.

Accordingly, we affirm the decision of the lower court, with costs.

Affirmed.