59   621
68   624

W. H. Young, *as Administrator of the Estate of C. C. Olney, deceased*, v. Walter Scott *et al.*

### No. 10606.

1. Administration — *annual settlements are in nature of accounts stated, and not impeachable on technical grounds.* The annual settlements between administrators and probate courts, while not conclusive adjudications, are *prima facie* correct. They are in the nature of accounts stated, and can be impeached by proceedings brought therefor in the district court only for fraud or other inequitable circumstance, and not for mere technical illegality in the conduct of the administration prior to the settlement.

2. ———— *annual settlement allowing payment of just demand made without order of court, not impeachable by administrator de bonis non.* When a just demand against a decedent's estate is paid by the administrator without a previous order of allowance by the probate court, but the payment made is credited to the administrator in his annual settlement with the court, a

subsequent administrator *de bonis non* of the estate cannot impeach the settlement in a suit for accounting against his predecessor, brought in the district court upon the sole ground that the demand paid had not been previously presented to the probate court and allowed by it.

Error from Ottawa District Court. R. F. Thompson, Judge. Opinion filed October 8, 1898. *Affirmed.*

*J. D. McCleverty* and *O. A. Cheney,* for plaintiff in error.

*R. R. Rees, J. B. Tomlinson* and *T. F. Garver,* for defendants in error.

Doster, C. J. This was an action brought by the plaintiff in error as administrator *de bonis non* of the estate of C. C. Olney, deceased, against Walter Scott, the principal defendant in error, a preceding administrator of the estate, and his sureties on his bond, to recover money of the estate which it was alleged remained unaccounted for. The first petition filed in the case charged as in tort the misappropriation and conversion of the moneys in question, itemizing them in detail, and concluded with a prayer for judgment for the aggregate amount. Various amendments to this petition were made and two new and amended petitions filed before the issues became finally defined for trial. These amended petitions were in equity for an accounting with the former administrator, and for judgment for such sum as might be found due. The case was tried to the court. The findings and judgment were in defendant's favor except as to a small sum, and the plaintiff brings the case here for review.

The findings show the payment of a number of claims against the estate by the former administrator without their previous allowance by the probate court, and the making of such payments constitutes

the misappropriation or conversion of money charged in the original petition and the basis of the claim for accounting made in the amended petitions. The findings do not specifically state that the probate court even informally ordered the payment of any of these claims, but they do state that the claims constituted just demands against the estate, and in addition they state facts from which it is fairly inferable that the court, although not formally allowing the claims, recognized their validity, and informally ordered their payment by the administrator. The findings do state, however, that the court ratified their payment by allowing the administrator credit for them in his periodical settlements. No final settlement was made by the former administrator. No fraud or mistake was found by the court or alleged in the petition, and the right of the administrator *de bonis non* to impeach the annual or other periodical settlements made by his predecessor, in respect of the claims paid without a formal order of the probate court for payment, is the question for decision.

In *Musick v. Beebe* (17 Kan. 47), it was held that an administrator *de bonis non* was entitled to an action against a former administrator of the estate to recover assets in his hands belonging to the estate and not accounted for or paid over to his successor, notwithstanding the making of periodical settlements by the former administrator from which no liability for the amounts sued for was inferable. In that case, however, the liability of the administrator arose out of items justly due the estate and unaccounted for by him, and not, as in this case, out of the irregular payment of just demands against the estate. In the former case the administrator had, first, converted the usable value of part of the estate to his own benefit; second,

2. Administrator de bonis non cannot impeach payments, when.

had converted certain property of the estate to his own benefit; and, third, had failed to account for cash paid him on a sale of a portion of the estate. In this case the administrator was guilty of no maladministration of his trust involving moral turpitude or resulting in indebtedness to the estate. He had paid out or otherwise accounted for the entire estate which came into his hands. He only failed to secure, as the law required, a precedent order of the probate court for the making of some of his disbursements. Notwithstanding the irregularity of his action in this respect it was ratified and his accounts approved by the probate court. Under such circumstances can he and his sureties be held liable for the amount of the payments thus irregularly made by him? We feel clear that they cannot. While actions for accounting between administrators *de bonis non* and their predecessors may be maintained, and while periodical settlements made by former administrators will not bar actions against them, yet such actions can be maintained only upon equitable grounds. A technical irregularity in the conduct of the administration of the estate by the former administrator constitutes no equitable ground of liability on his part. In *Jones v. Brinker* ( 20 Mo. 87 ), it was alleged that the administrator had obtained credit in his previous settlements with the county court for illegal charges against the estate, the items of which illegal charges were specified. The court remarked in its opinion :

"It was never held that charging merely that the administrator had obtained illegal allowances in his favor, in his settlements made with the county court was ground for applying to the chancery court to have his allowances set aside and vacated. It must be charged that the allowances were procured by fraudulent and false means and pretenses, unjustly, and to the injury of the estate and those interested.

We do not know that we are prepared to declare the law in the full terms of the decision quoted. It may be that in actions for accounting some classes of illegal allowances will vitiate an administrator's annual settlements. We quote from the case to illustrate the general doctrine that substantial wrong or error and not technical illegality constitute the grounds upon which the settlements may be avoided.

This doctrine results as we think from the nature of an administrator's periodical settlements. They are, as remarked in *Musick v. Beebe*, supra, and *Jones v. Binker*, supra, adjudications by the court, not final and conclusive, but *prima facie* correct. They are to be taken as correct until shown to be affected by errors and mistakes, or by fraud. They can only be impeached upon the strength of some inequitable circumstance depriving them of effect. This in turn results, as we think, from the fact that they are in the nature of accounts stated, and as to these it is the general rule that "settled or stated accounts cannot be opened or corrected except on the ground of fraud, mistake, omission, accident, or undue advantage." 1 Am. & Eng. Encyc. Law (2d ed.), 460. This view does not give to the administrator's annual settlement the same effect that is given to a final settlement. The one, though *prima facie* correct, may be impeached because incorrect; the other, being conclusive, can be impeached only because of that which invalidates all adjudications — fraud. To impeach the former, however, the settlement must be shown to be incorrect in point of fact, and not incorrect in point of technical legality.

The judgment of the court below is affirmed.

1. Annual statements are in nature of accounts stated.