No. 20,884.

*In re* THE ESTATE OF JOHN D. KAPPELMAN, Deceased. (THE INTERNATIONAL HARVESTER COMPANY OF AMERICA, *Appellee*, v. ROBERT ALGIE, as Administrator, etc., *Appellant*.)

SYLLABUS BY THE COURT.

1. ADMINISTRATOR—*Final Settlement and Discharge—When Premature*. Final settlement of the estate of a deceased person is not to be made until the estate is fully administered, and the administrator should not be discharged and released until his trust has been fully performed and he has accounted for and paid out all the moneys received by him, as the law requires.

2. SAME—*Payment of Claims Exceeding Fifty Dollars*. The payment of claims in excess of fifty dollars by an administrator before they are presented to and allowed by the probate court is illegal and at his own risk.

3. SAME—*Payment of Claims Without Regard to Classification—Insolvent Estate*. An administrator is not entitled to a final discharge and to have his sureties exonerated from liability on his bond where he has paid claims of a lower class, leaving other legally established claims of a preferred class unpaid, there being insufficient moneys of the estate to pay in full all valid claims against it.

4. SAME—*Classification of Claims Against Estate*. Under the statutory rule of classification, all claims against an estate not presented within one year after the granting of the first letters are to be assigned to the sixth class, regardless of the class to which they would have been assigned if presented within the first year, and all duly exhibited demands of any of the first five classes are entitled to a preference over those of the postponed class.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed November 10, 1917. Affirmed.

*Edgar Bennett*, of Washington, for the appellant.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The International Harvester Company of America, a creditor of the estate of John D. Kappelman, deceased, appealed to the district court from an order made by the probate court upon the final accounting and settlement of Robert Algie, the administrator of the estate. The court rendered judgment for plaintiff and directed that the matter of the settlement of the estate be remanded to the probate court for further proceedings according to law. Algie appeals.

The defendant was appointed administrator of the estate in April, 1910, and his first report was made to the probate court on March 30, 1911. In this report he stated that he had received from the sale of goods and from collections upon notes and accounts the sum of $17,383.72, and he asked credits for payments he had made of claims against the estate in the amount of $17,048.07, showing a balance in his hands of $335.65. A second report was made by him on May 14, 1912, in which he reported that he had collected $3,062.61, and he claimed credits for money paid for the estate in the amount of $2,857.38, leaving a balance on hand of $205.23. No other annual reports appear to have been made by him. The first report was approved by the court, but it does not appear that he secured the approval of the second. On April 20, 1915, he made what he called a final report, from which it appeared that he had sold a farm of 200 acres, that had been owned by the deceased, for $14,000, and that with the balance on hand at the last report and the money since derived from the sale of the farm and other sources he had $14,706.59. He credited himself with $500 to pay for his own services and $100 to pay the fee of an attorney, and these with other items of credit claimed by him amounted to $14,527.42, leaving a balance on hand of $169.17. The report showed that he had uncollected notes and accounts of the face value of $9,913.65, but the actual value of these was not shown.

The plaintiff had two claims against the estate which had been legally allowed and established but never fully paid by the defendant, although he appears to have had funds in his hands to meet them, which were paid out on claims that were not legally allowed and should not have been paid in preference to plaintiff's claims. In June, 1910, a claim of the plaintiff for $3,306.73 was presented to and allowed by the probate court, and payments were made on this claim from time to time until it was reduced to $1,089.72. There being a long delay, the plaintiff, on March 1, 1913, applied to the probate court to require the payment of this balance at once, and after a hearing, the court ordered the administrator to make payment of the claim, with interest from June 24, 1910, at six per cent, forthwith and not later than March 15, 1913. No appeal was taken from this adjudication, and the only compliance with it consisted of a payment of $500.

The other claim of plaintiff was for new goods purchased by the administrator, who appears to have conducted the hardware business of the deceased for a time for the benefit of the estate. The goods so purchased, with the sanction of the court, to replenish the stock and keep the business running, amounted to $335.40, and the receipts from the sale of these goods were used in paying the indebtedness of the estate. The claim not being paid, application was made by the plaintiff to compel the administrator to pay it at once as part of the operating expenses of the business, but the application was refused. An appeal was taken from this order to the district court, and on March 31, 1914, that court adjudged that the claim was a part of the expenses of administration and ordered that it be paid forthwith. No appeal was taken from this order and it has therefore become final, but it has been ignored by the administrator.

It appears that he failed to pay these claims when he had funds on hand with which to pay them—funds which he subsequently paid on claims not legally established. He ignored the classifications prescribed by statute, paying claims that were not legally exhibited within one year after he was appointed administrator in preference to those that were presented and allowed during that year. It appears that the only claims presented and allowed during the entire course of the

Harvester Co. v. Algie.

administration were those presented in June and October of 1910. All other claims, regardless of whether or not they exceeded fifty dollars, were paid without having been legally exhibited and allowed. It also appears that the administrator held two uncollected notes of J. H. Kappelman, one for $750 and another for $1,756.65, and yet it appears that J. H. Kappelman had been paid over $580 upon claims he held against the estate.

From the facts in the case it is clear that the estate was not ripe for final settlement when the order of the probate court was made. Final settlement is not to be made until the estate has been fully administered. (Gen. Stat. 1915, § 4637; *In re Moseley's Estate,* 100 Kan. 495, 164 Pac. 1073.) Aside from the fact that there are assets still undisposed of and debts of considerable amount unpaid, it appears that the administrator has paid many claims exceeding in amount fifty dollars which were never allowed, and left unpaid those which were legally established, and which had been expressly ordered by the court to be paid at once. According to his report the estate is insolvent, and yet, as we have seen, he failed to observe the statutory classification and priorities. The plaintiff, whose claims should have been but were not paid, had a right to object to the final settlement of the estate, and it was highly important, too, that it should do so for its own protection. A final settlement is a direct adjudication that the estate is fully administered, that the administrator has completely executed his trust and has accounted for all moneys received, as the law requires; and it is final and conclusive unless appealed from. (*Musick v. Beebe, Adm'r,* 17 Kan. 47; *Smith v. The Eureka Bank,* 24 Kan. 528; *Proctor v. Dicklow,* 57 Kan. 119, 47 Pac. 86.)

Even the classification of a demand has the effect of a judgment which the administrator as well as creditors are bound to observe. (*Wolfley v. McPherson,* 61 Kan. 492, 59 Pac. 1054.) Plaintiff's claims were duly presented within a year after letters were granted to the defendant. They were of the fifth class and entitled to precedence over those not presented until after that time. Those not presented until after one year and within two years belong in the sixth class, and those not exhibited within two years are forever barred.

(Gen. Stat. 1915, §§ 4564, 4565.) Classification and priority are matters of the highest consequence, especially where the assets of the estate are insufficient to meet the indebtedness against it. In *Wolfley v. McPherson,* supra, it was said:

"If the estate outside the exemptions will not pay in full, the demands of the later classes must go unpaid, and in such instance it becomes a matter of vital consequence to a creditor that the demands of the others, as well as his own, be properly classified. Nor is the classification one of indifference to the administrator. The allowance of a claim against the estate of a deceased person is a judgment against the administrator in his trust capacity." (p. 493.)

The effect of failing to pay established claims according to classification is stated as follows:

"Where the assets are ample for the adjustment of all claims in full, there can be little occasion for closely observing rules of legal priority; this priority denoting, not the time for payment, but the dignity of the claim. When, however, a deficiency occurs, and the estate is a slender one, the executor or administrator should regard such rules carefully; for, if he pays an inferior claimant in full, and leaves not enough afterwards to settle all the superior claims which may in due time be presented, he can not plead a want of assets, but must respond out of his own estate; and so *pro rata* as to other claims of equal dignity, for all such should be paid proportionally alike." (2 Schouler on Wills, Executors and Administrators, 5th ed., § 1425.)

In 2 Woerner's American Law of Administration, 2d ed., section 364, it is said:

"But as to the personal assets the executor or administrator is bound, at his peril, to observe the order of priority in the payment of the debts of his testator or intestate; for if he pay those of a lower rank first, having notice of the existence of debts of a higher degree, he must, on a deficiency of assets, answer to those of the higher degree out of his own estate."

We have seen that the greater part of the indebtedness of the estate was paid by the administrator when the claims had not been presented and allowed. These demands could not be classified until they had been legally exhibited. The payment of a debt of more than fifty dollars before it has been allowed is contrary to law and made at the risk of the administrator. It has been said that—

"The allowance or judgment in favor of a creditor is conclusive as to the validity of the debt; but whether the executor or administrator is entitled to credit for its payment depends upon the further question of the sufficiency of assets, and if he has paid such a debt or allowance in ad-

vance of an order to that effect, he has done so as the risk of having so much disallowed as may be in excess of the dividend to which the creditor is found to be entitled." (2 Woerner's American Law of Administration, 2d ed., § 520.)

If the assets of the estate are sufficient to pay all claims in full, the fact that just demands were paid irregularly would not prevent the court from subsequently ratifying his action and giving him credit for such payments. (*Young v. Scott,* 59 Kan. 621, 54 Pac. 670.) However, if the assets are insufficient to meet all demands, the lack of presentation may become quite important in the matter of priorities. For instance, if a claim is not exhibited or allowed within a year it will fall into a lower class than allowed claims of the same general character, and a just claim not exhibited within two years is not enforceable unless the claimant is under disability. In this state claims presented after the end of a year fall into the sixth class, regardless of the class to which they would have been assigned if exhibited before that time, and all exhibited demands of any of the first five classes are entitled to a preference over them.

The claims of the plaintiff were not adjusted and paid in accordance with this and other rules to which reference has already been made. The admitted facts in the case and those established by the evidence show that the estate was not fully administered and that the administrator had not fully discharged his trust when the so-called final settlement was made.

The judgment of the district court, setting aside the order of the probate court approving the final report of the administrator and the final settlement of the estate and releasing the administrator and his sureties, is affirmed.