No. 34,792

August H. Kandt, *Appellant*, v. Emil Czarnowsky, Executor of the Will of Charles F. Kandt, Deceased, *Appellee*.

(102 P. 2d 997)

160

W. J. *Pirtle,* of Council Grove, *A. Harry Crane* and *Ward D. Martin,* both of Topeka, for the appellant.

*Harry M. Tompkins,* of Council Grove, *James V. Humphrey* and *Arthur Humphrey,* both of Junction City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal grows out of an attempt by one of the legatees to set aside the final settlement made by the executor of his father's will.

Chas. F. Kandt died August 30, 1916, leaving surviving his widow and three sons and four daughters. Briefly stated, Chas. F. Kandt, by his will, provided that his funeral expenses and all his just debts be fully paid. He gave to his wife, Augusta, all of his property, real and personal, during her lifetime and she was to have the use and benefit from the same for her individual use so long as she should live. At her death certain described real estate was to go to his son Carl, who was charged with making certain stipulated payments to other of his children, and certain other real estate was to go to August Herman Kandt, the appellant herein, without any charge thereon. Certain bank stock was to go ·to the son Carl with a charge in favor of August Herman Kandt. All other personal property, at the death of the wife, was to go to the children in equal shares. Emil Czarnowsky was named as executor.

The above will was duly admitted to probate in the probate court of Morris county on September 4, 1916, and Emil Czarnowsky was appointed and qualified as executor. On September 6, 1918, the executor filed his final account and his petition for discharge. The final account showed that the receipts and disbursements were of equal amount, and inferentially that there was no balance on hand. Actually there was an error in addition and he had on hand a balance of $1. The final settlement was heard on October 5, 1918, when the probate court made its findings that due notice had been given; that the widow and children, naming them, were the legatees of Chas. F. Kandt, deceased; that the court, having heard the evidence and having examined the settlement and being advised in the premises, found that the same was in due form according to law and that the estate had been fully administered; that the debts had all been paid; that there was on hand the sum of $1 belonging to the estate

and that the cost of settlement, amounting to $10, must be paid by Augusta Kandt, who had received all of the personal property or the money derived from the sale thereof, she being bequeathed all of the property for her use so long as she lives. It was ordered that the final settlement be approved, and that the balance in the hands of the "administrator" be paid and distributed as follows:

"There being no money in his hand, therefore none of the legatees are to receive any money by this settlement, and that upon the filing of the receipts of said distributees in this court, the said executor and his bondsmen be discharged from further duty and liability in the matter of said estate."

On October 24, 1918, the probate court made an order discharging the executor and his bondsmen. Augusta Kandt died December 30, 1935.

The matter out of which the present appeal arises was occasioned by the following: On September 9, 1939, August H. Kandt filed an application in the probate court in the matter of the estate of Chas. F. Kandt, in which he alleged he was one of the devisees under the will; that Emil Czarnowsky was the executor of the will, and as such it was his duty to require all claimants against the estate to file and prove their claims before paying them, and to file vouchers for such payments; that under the will the widow received a life estate and that she died December 30, 1935; that the remainder of the estate, after payment of claims, became a trust to be divided among the heirs upon the death of the widow, and it was necessary to show in the report of the executor the amount remaining in the trust fund to be charged to the executor as trustee under the will; that the executor had failed to file an inventory and appraisement; that there was no statement of claims nor proof of the same, nor any statement showing the nature thereof, and that the same were never approved by the probate court, and the payment of the same was a fraud upon the heirs; that the executor did not show the amount on hand after payment of debts and which became a trust fund; that each payment shown was made without authority of law and the executor was not entitled to credit; that the executor had concealed the true facts which surrounded the estate, with intent to defraud applicant, and the final settlement filed under date of September 6, 1918, should be set aside. The prayer was that any and all orders pertaining to the settlement be set aside and the executor be required to render a complete accounting. Emil Czarnowsky individually demurred for the reason the application

showed that any cause of action applicant had against Czarnowsky, either as executor or individually, was barred by the statute of limitations. The probate court sustained the demurrer. The applicant appealed to the district court, which rendered a like judgment. The applicant filed a motion for a new trial, which was denied, and he appeals to this court.

Appellant contends that under the will a trust was created and that the executor became a trustee by implication. In support he cites *Citizens B. & L. Ass'n v. Knox*, 146 Kan. 734, 74 P. 2d 161; *Johnson v. Muller*, 149 Kan. 128, 86 P. 2d 569; *Blake-Curtis v. Blake*, 149 Kan. 512, 89 P. 2d 15, in each of which the will provided for the performance of specific duties additional to those to be performed by an executor in settling the estate of his decedent. He also cites *Shintaffer v. Bell*, 134 Kan. 101, 4 P. 2d 764, where the life tenant did not take possession, which remained with the executor. The controversy arose when he attempted to make settlement. Those cases are not controlling here. It is true that under the will in question the widow was given only a life estate in the real and personal property with the remainder to the children, and that in a certain sense the widow, having received the property, held it in trust for the children, but insofar as the executor was concerned, his only duty was to collect the assets of the estate, pay the debts and turn any balance remaining over to the widow. That he did. He had no other or further duties in the premises, nor, so far as the record discloses, did he attempt to exercise any right or domination over the property after the final settlement was made.

In connection with the final settlement, it is urged that it was made at a time when the estate was not fully administered, and was therefore without effect in law. This argument is based on two propositions. One is that the executor did not file an inventory, that he paid claims that had not been properly allowed, and that his accounting was not sufficient. It is true he did not comply strictly with the requirement of the statutes with respect to settlement of estates of deceased persons. We shall, however, not comment on particular payments made by the executor, nor on the fact that claims were paid without being properly allowed. After administering the estate for the then period of two years, the executor filed his account with the probate court and gave the required notice of final settlement, and on the hearing thereof he deposited his bank book, canceled checks and vouchers in the court. That court

was evidently satisfied that the payments made were proper, for it concluded the estate was fully administered. Even though the account was defective or incomplete, there was no doubt the court had jurisdiction of the cause and power to make the order which it made (*Ward v. Krhounek*, 151 Kan. 414, 99 P. 2d 800.) If the administration was not proper, and the order of final settlement and discharge of the executor should not have been made, interested parties should have appealed. In *Harvester Co. v. Algie*, 101 Kan. 654, 168 Pac. 876, it was said:

"A final settlement is a direct adjudication that the estate is fully administered, that the administrator has completely executed his trust and has accounted for all moneys received, as the law requires; *and it is final and conclusive unless appealed from.* (*Musick v. Beebe, Adm'r,* 17 Kan. 47; *Smith v. The Eureka Bank,* 24 Kan. 528; *Proctor v. Dicklow,* 57 Kan. 119, 47 Pac. 86.)" (p. 657.) (Italics ours.)

Although in the above case the probate court concluded the administration had been completed when final settlement was made, there was a timely appeal and a different conclusion was reached by the district court, which set aside the final account and final settlement. That judgment was approved by this court. In the case at bar it appears only that there were irregularities, not that the estate had not been fully administered. There was no appeal and it is now too late to complain. Appellant contends also the estate was not fully administered because the order of final settlement did not affirmatively show that a return had been made to the state tax commission and a finding made by it as to inheritance taxes due, as provided in Gen. Stat. 1915, sec. 11223, then in effect, and our attention is directed to *In re Moseley's Estate,* 100 Kan. 495, 164 Pac. 1073. That case is not controlling. There the action was by the state. It sought to set aside a final settlement and to procure payment of inheritance tax due under the 1909 act. Under that act, no class of heirs had an absolute exemption, and there was tax due from Moseley's legatee. When the decedent in the case at bar died, Laws 1915, ch. 357, was in effect. Under it the shares of the widow and children, and they were the only legatees, were completely exempt. (See Gen. Stat. 1915, § 11203.) The state is not complaining. Insofar as the applicant is concerned, we discern no reason why he was not fully bound by the probate court's finding on final settlement that the estate had been fully administered.

A review of appellant's application shows that in some particulars he charges Czarnowsky with fraud. If so, he knew of it when the

final settlement was made. Any action for fraud is long since barred. The application also shows that appellant now seeks to review the final settlement for claimed irregularities, all of which were plainly apparent when the order approving it was made and the executor discharged. No appeal was taken from that order and it is conclusive on the appellant. The will of Chas. F. Kandt discloses clearly that the executor had no power conferred nor duties imposed on him other than to administer the estate, and that when he completed that administration and was discharged by the probate court, his connection with the estate was ended, and thereafter he was not trustee for any person for any purpose in connection with the will of Chas. F. Kandt.

The judgment of the trial court was correct and it is affirmed.