No. 51,243

In the Matter of the Estate of Floyd B. Suesz, Deceased.

(613 P.2d 947)

Opinion filed July 18, 1980.

*Duncan A. Whittier* and *Al Hybsha* of Hybsha, Whittier & Holmes, of Wichita, were on the brief for the appellant.

*Terry T. Messick,* of Anthony, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an action opposing the admission of a will to probate on the grounds of incompetency of the testator.

Floyd B. Suesz died on December 25, 1978, in Wichita. On January 8, 1979, Hazel W. Noftzger, named executrix, filed a petition for the admission to probate of Suesz' will, dated January 31, 1974, and requested that she be issued letters testamentary. Hazel Noftzger is no relation to Floyd Suesz. Notice of hearing was given pursuant to K.S.A. 1979 Supp. 59-2209 and the appellant, C. R. Stickney, testator's nephew, responded by filing a written defense opposing the admission of the will to probate on the grounds the testator was not competent to execute a will on January 31, 1974. Stickney's demand for a jury trial was denied by the trial court on February 13, 1979. The hearing on the

admission of the will to probate was held on February 27, 1979, at which time the trial court admitted the will to probate and issued letters testamentary to Hazel W. Noftzger.

Appellant Stickney appealed the ruling of the district magistrate judge to the district judge on March 22, 1979. The appeal was heard de novo on May 17, 1979. Petitioner Noftzger produced the same evidence as in the previous hearing. Stickney offered no evidence and simply announced he would stand on the record. The district court ordered the will admitted to probate and issued letters testamentary to Hazel Noftzger finding the testator was of legal age, sound mind and not under any restraint when he executed the will. Stickney appealed that judgment on June 29, 1979.

Appellant argues the trial court erred in denying his demand for a jury trial. He claims K.S.A. 59-2212, enacted in 1939, has been repealed by implication because the legislature abolished probate courts in 1976. K.S.A. 59-2212 provides:

> "**Hearings and rules of evidence.** Trials and hearings in probate proceedings shall be by the court unless otherwise provided by law. The determination of any issue of fact or controverted matter on the hearing of any probate proceedings shall be in accordance with the rules of evidence provided for civil cases by the code of civil procedure, except as provided in the act entitled 'act for obtaining care or treatment for a mentally ill person' and in the act entitled 'act for obtaining a guardian or conservator, or both.' "

Appellant contends since probate courts were abolished all probate matters are now governed by the rules of civil procedure in Chapter 60 which, he contends, would provide for a jury trial. We do not agree. Although we no longer have separate probate courts, probate proceedings remain and are now tried in the district court. In *City of Salina v. Jaggers,* 228 Kan. 155, Syl. ¶ 2, 612 P.2d 618 (1980), we stated:

> "Repeal by implication is not favored and acts will not be held to have been repealed by implication unless a later enactment is so repugnant to the provisions of the first act that both cannot be given force and effect."

The 1976 legislature changes are not repugnant to the provisions of K.S.A. 59-2212 and the statute was not repealed by implication.

Appellant next contends K.S.A. 1979 Supp. 59-2408 preserves the right to trial by jury in certain probate matters, such as allowance of a demand, when that issue is appealed from a magistrate judge's decision. That right to a jury trial is not

available in Kansas counties which do not have magistrate judges, and thus appellant contends that deprivation of rights constitutes a denial of equal protection. Appellant then attempts to make his argument applicable to this case by posing this question: Why should creditors in certain counties be entitled to a jury trial when challengers to the probate of a will are not afforded the same right? Such an analogy is inapplicable to this case. The constitutional right to trial by jury refers to that right as it existed at common law. *First Nat'l Bank of Olathe v. Clark,* 226 Kan. 619, Syl. ¶ 1, 602 P.2d 1299 (1979). We also note the discussion of trial by jury in probate matters in 3 Bartlett, Kansas Probate Law and Practice § 1582 pp. 389-390 (rev. ed. 1953):

"Likewise on appeal to the district court from a proceeding in the probate court admitting or refusing to admit a will to probate, a jury trial of the questions involved is not a matter of right. The decisions have uniformly held that neither party has any right, constitutional or otherwise, to a jury in a proceeding of this character.

"The legislature has provided that issues of fact in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived. Section 5 of the Bill of Rights has been held to cover only matters triable by jury at common law. A proceeding to contest a will does not come within any of these terms. It is a statutory proceeding, and in such proceedings the legislature is fully competent to dispense with a jury."

This case challenges the admission of a will to probate. It is irrelevant to this issue whether a creditor is entitled to a jury trial on his petition for allowance of a demand or whether that provision is uniformly applicable. Contesting the admission of a will to probate was not a matter triable by jury at common law. The proceeding is a creature of statute and K.S.A. 59-2212 does not provide for a jury trial. Appellant's issue is without merit.

With regard to appellant's argument that the testator was incompetent when he executed the will, proponents of the will offered evidence of the testator's testamentary capacity through testimony of the witnesses to the will in the trial de novo before the district judge. A prima facie case was made for admission of the will to probate. The burden to overcome that showing by clear, satisfactory and convincing evidence shifted to Stickney. *In re Estate of Perkins,* 210 Kan. 619, 624, 504 P.2d 564 (1972). Appellant cross-examined the proponents' witnesses but offered no evidence to support his charge of incompetency. He then chose to "stand on the record," which contained no evidence. The

trial court correctly admitted the will to probate. The judgment of the trial court is affirmed.

Appellee cross-appealed for costs and attorneys fees under Supreme Court Rule 7.07(b) (225 Kan. xlviii), which provides:

"FRIVOLOUS APPEALS. If the court finds that an appeal has been taken frivolously, or only for purposes of harassment or delay, it may assess against an appellant or his counsel, or both, the cost of reproduction of the appellee's brief and a reasonable attorney's fee for the appellee's counsel. The mandate shall then include a statement of any such assessment, and execution may issue thereon as for any other judgment, or in an original case the clerk of the appellate courts may cause an execution to issue."

An examination of the record reveals that Stickney appealed from the order of the district magistrate judge to the district judge and offered no evidence to support his charges but stood on the record, which was completely void of evidence of incompetency on the part of the testator. He then appealed to this court from the district judge's order. We find his appeal frivolous and assess the costs at $98.11 and attorney fees at $1,000 against C. R. Stickney, appellant, and his attorneys, Duncan A. Whittier, Al Hybsha and Laurence Holmes, jointly and severally.

IT IS SO ORDERED.