Mr. Lee Hornbaker Special Counsel for Geary County 715 North Washington Street Junction City, Kansas 66441-0168
Dear Mr. Hornbaker:
You request our opinion regarding what effect section 2 of chapter 267 of the 1994 session laws will have on the procedure set forth in K.S.A.79-2803 for redeeming real estate before the day of the judicial foreclosure sale.
Section 2 provides as follows:
 "Notwithstanding any other provision of law to the contrary, the county treasurer of every county may accept partial payment of delinquent real property tax in accordance with payment guidelines established therefor by the county treasurer."
This appears to allow the county treasurer to establish guidelines authorizing the acceptance of partial payment at any time after the tax becomes delinquent. You question whether payment after a petition has been filed by the county to enforce the tax lien pursuant to K.S.A. 1993 Supp. 79-2081 et seq. creates a conflict with the provisions of K.S.A.79-2803 requiring payment of the taxes, interest, penalties and costs in full in order to redeem the real estate and prevent the forced sale thereof.
The enactment of which section 2 is a part (L. 1994, ch. 267) does not expressly repeal any existing statutes. Section 2 does indicate that its provisions would control over other contrary provisions, but it does not specify what those contrary provisions might be. (See Attorney General Opinion No. 77-32 for a discussion of the inability to expressly repeal statutes without following the procedures required in article 2, section16 of the Kansas constitution). The repeal of a statute by implication is not favored and statutes will not be held to have been repealed by implication unless the later enactment is so repugnant to provisions of the first act that both cannot be given force and effect. Hainline v.Bond, 250 Kan. 217, 220-221 (1992); Matter of Suesz' Estate, 228 Kan. 275,276 (1980); Pederson v. Russell State Bank, 206 Kan. 718, 724 (1971) (such repeal is not to be found if both statutes may operate independently without conflict). In our opinion, effect may be given both K.S.A. 79-2803 and new section 2 so that there is no implied repeal. Section 2 authorizes acceptance of partial payment of taxes at any time after they become delinquent. However, while partial payment may be accepted even after the filing of the petition, the acceptance of that payment will not operate to delay the sale; payment of the taxes, interest, penalties and costs must be made in full in order to stay further proceedings. There is no language in new section 2 to demand a contrary result. Further, while partial payment may be accepted after the county bids off the property pursuant to K.S.A. 1993 Supp. 79-2401a, acceptance of such payments would not operate to extend the redemption period except as specifically provided by subsection (b) of that statute.
In conclusion, section 2 of chapter 267 of the 1994 session laws (authorizing county treasurers to accept partial payment of delinquent real property taxes) does not override or repeal the procedure set forth in K.S.A. 79-2803 for redeeming real property before the day of the judicial foreclosure sale by paying the taxes, interest, penalties and costs in full.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM: