No. 21,614.

KATIE A. OSBORN, *Appellant*, V. WILLIAM F. OSBORN, as
Executor, etc., et al., *Appellees*.

SYLLABUS BY THE COURT.

1. DESCENTS AND DISTRIBUTIONS—*Widow's Interest in Her Deceased Husband's Real Estate.* Section 3831 of the General Statutes of 1915, providing that under certain circumstances a widow shall be entitled to one-half in·value of real estate in which' her husband in. his lifetime had a legal or' equitable interest, refers to, legal or equitable interest capable of inheritance, and does not apply to interests in land which were extinguished by the husband's death. ·

2. SAME—*Widow No Interest in Husband's Life Estate.* A widow has no interest, under the statute, in lands purchased by her husband with his own funds and deeded to him "and at his death to his sons," his interest being a life estate only.

3. SAME—*Gift by Husband—Without Wife's Consent.* The rule stated in the decisions in the cases of *Small v. Small*, 56 Kan. 1, 42 Pac. 323, and *Poole v. Poole*, 96 Kan. 84, 150 Pac. 592, regarding the unlimited power of a husband to give away his money or personal property, although the intention or known effect be to deprive his wife of her statutory share should she survive him, followed.

4. SAME—*"Colorable" Transaction by Husband.* A colorable transaction is one presenting an appearance which does not correspond with the reality, and in the sense ordinarily contended· for, an appearance intended to conceal or to deceive.

5. SAME. Deeds of real estate conveying to a married man life estates and to his sons the remainders in fee, considered, and held not to be colorable. ·

6. SAME—*Sale of Husband's Land—Proceeds Belong to Husband.* Money paid a married man as the consideration for a conveyance of his real estate, in which his wife joins, belongs to him, unless it be definitely agreed that a specific portion shall belong to her individually.

7. SAME—*Action by Widow—No Actionable Contract Alleged.* ˙ The petition considered, and held to contain no allegation of a contract whereby, in consideration of the surrender of the wife's marital interest in land sold by her husband, he agreed to invest her with a substituted marital interest in other land.

8. SAME—*Action by Widow—No Fraud Alleged.* The petition considered, and held not to charge the husband with perpetrating a fraud on his wife with respect to the surrender of her marital interest in land belonging to him, which he sold.

9. SAME—*Personal Property of Husband—Rights of Widow.* Without actual fraud in procuring a wife to join in a conveyance of her hus-

band's land, giving her a clear right to impound the consideration received by him or to control its use, she cannot pursue the fund.

10. SAME—*Widow May Recover Only Under Statute.* In order to recover under a petition claiming a widow's statutory interest in real estate, the widow must claim under the statute and through her husband.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed April 6, 1918. Affirmed.

*Ralph E. Page,* of Ottawa, and *Curtis M. Oakes,* of Oklahoma City, Okla., for the appellant.

*A. M. Harvey,* and *J. E. Addington,* both of Topeka, for the appellees; *Eugene S. Quinton,* of Topeka, of counsel.

The opinion of the court was delivered by

BURCH, J.: The action was one by a widow to recover her statutory share of lands in which her deceased husband, William F. Osborn, had been interested in his lifetime. She was defeated, and appeals.

It is not necessary to recite the proceedings. All the facts on which the plaintiff relied for recovery were stated in her third amended petition, and it will dispose of the appeal to determine whether or not those facts warranted judgment in her favor.

The defendants, William F. Osborn, jr., John L. Osborn, and Carl H. Osborn, are sons of the deceased, but not of the plaintiff. The sons claim title under separate deeds to different tracts of land, made in 1906 and 1908, by Frank J. Bennett and wife, C. A. Hill and wife, and Charles S. Kidder and wife, to "William F. Osborn, and at his death to his sons." The consideration for these deeds was paid by William F. Osborn from his own funds, and the deeds were recorded soon after delivery. The statute under which the plaintiff claims reads as follows:

"One-half in value of all the real estate in which the husband, at any time during the marriage, had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executors as her property, in fee simple, upon the death of the husband, if she survives him: *Provided,* That the wife shall not be entitled to any interest,

under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not or never has been a resident of this state. Continuous cohabitation as husband and wife is presumptive evidence of marriage, for the purpose of giving the right aforesaid." (Gen. Stat. 1915, § 3831.)

The plaintiff advances the following propositions:

"1. These transactions amount in law to the acquisition by the husband of a legal or equitable interest in real property under the statute (Gen. Stat. 1915, § 3831) and its conveyance to defendants without his wife's signature, leaving her statutory interest therein unimpaired.

"2. The deeds conveyed to the husband the whole title to the land, and the defendants acquired no interest thereunder.

"3. If the transactions should be considered as a mere disposition by the husband of his personal property, under the rule announced in *Small v. Small*, 56 Kan. 1, 42 Pac. 323, it is, nevertheless, a colorable transaction, and fraudulent as to the widow, as her husband's heir.

"4. Upon the facts set forth in the third amended petition the widow would have her interest in this property under the resulting trust doctrine, and other equitable principles."

It will not be practicable to follow the elaborate arguments made in support of the foregoing propositions, and little more will be done than announce the conclusions of the court.

Propositions one and two have no foundation on which to rest. The deeds specify the nature and quantity of estate which William F. Osborn obtained, and there is nothing to qualify or contradict them. The transactions disclosed by the deeds were between grantors and grantees. The whole estate passed from the grantors. Instead of taking an equitable estate, William F. Osborn took a legal estate, and instead of taking the whole estate, he took a life estate. The remainders in fee vested in his sons. The character and extent of the estate which he took was not affected in the slightest degree by the fact that he had a wife who might outlive him. No equities remained to him, because the transactions were fully executed and he received what he desired. The estate which he took did not survive him. He had no interest, legal or equitable, in the remainders. After his death the whole estate in fee simple vested in his sons, and there was nothing to set apart to his widow. The statute refers to legal or equitable estates of the husband which are capable of inheritance, and does not apply to interests in land which are extinguished by his death.

The third proposition has no foundation on which to rest.

The rule announced in *Small v. Small,* 56 Kan. 1, 42 Pac. 323, is this: A married man may give to his children the bulk of his property when the known effect of the gift will be to deprive his widow of the fair share which otherwise would have fallen to her. If, however, the gift consist of real estate in this state, of which the wife has made no conveyance, she will be entitled to her statutory share if she were a resident of the state when the gift was made. Twenty years after the decision in *Small v. Small* was rendered, the rule was again stated in even stronger terms:

"The general rule is that the law has placed no restriction or limitation on the husband's right to make such disposition of his personal property during his lifetime as he may elect." (*Poole v. Poole,* 96 Kan. 84, syl. ¶ 1, 150 Pac. 592.)

What is a colorable transaction? It is one which presents an appearance which does not correspond with the reality, and in the sense contended for, an appearance intended to conceal or to deceive. If William F. Osborn had taken title in the name of his sons, but had in fact retained power to dispose of the land, he would have been the real owner, and not the sons. The outward appearance of the transactions would not have corresponded with their genuine character, and they would have been colorable. Nothing of the kind occurred. The deeds specify the actual interests of the grantees. The sons had no interest in the life estate, and the life tenant had no interest in the remainders. The gift to the sons was the consideration paid for the conveyances to them of the remainders in fee. Form and substance, appearance and reality, corresponded throughout, and the transactions were not colorable in any degree.

The fourth proposition advanced by the plaintiff is without merit. The money used for the purchase of the real estate in question was money derived from the sale of property situated in Burlington, Kan., which William F. Osborn owned. His wife joined in the conveyance of the lands sold. The contingent interest which a wife has in her husband's land is property, and property subject to conveyance. She may join in his deed of such land, or may not, and may exact such consideration for joining as she may desire, or may find satisfaction in enabling her husband to convey an estate free from con-

tingent reduction. Her property, however, is something entirely distinct from and wholly independent of his property, and should she stand on her property right, she must have a definite agreement that a specific portion of the consideration paid for the conveyance belongs to her, or she has no title to that specific money. It belongs to her husband, and he can do with it as he please. Ordinarily a husband having money of his wife in his possession is simply her debtor. Under some circumstances a trust in her favor may be imposed on property purchased by him into which her money may be traced. But unless there be in the husband's hands a definite, provable sum of money which is the individual property of his wife, there is nothing on which to found a trust or other equitable claim.

In support of the third and fourth propositions, it is claimed the transactions culminating in the deeds were intrinsically fraudulent as to the plaintiff. The argument is, the deceased must have entertained an intention to defraud his wife, which he consummated by the deeds, because she was deprived of property she might have received except for the gifts. This contention is fully disposed of by the decisions in the cases of *Small v. Small* and *Poole v. Poole.* An intention to deprive the wife of her marital right by the means adopted is a lawful, and not a fraudulent, intention.

Some extrinsic facts are relied on to show fraud—concealment of the gifts when made and by subsequent statements, the good financial circumstances of the recipients of the gifts, and some others. These subjects are all fully disposed of, either specifically or in principle, by the cases of *Small v. Small* and *Poole v. Poole.*

The action was commenced in December, 1915. After several futile attempts to state a cause of action, the plaintiff finally filed an amended petition in May, 1917, in which she alleged her husband "assured" her if she would join in the deed to the Burlington property he would reinvest the proceeds in real estate in Lawrence and Baldwin, the property thus acquired to "take the place" of the Burlington property, and to be "sole property" of the husband. The plaintiff joined in the deed to the Burlington property "with the said understanding and agreement." The purpose of these vague allegations, charging neither fraudulent representations nor con-

tract, was of course to try to get by a demurrer. The purpose is all the more apparent because the allegations were of communications concerning which the plaintiff was not competent to testify. Motions were made to require the plaintiff to plead according to well understood rules, but the court denied the motions, and disposed of the case on the assumption the plaintiff had cut her garment according to her cloth.

There is no allegation of a definite and enforceable contract, whereby, in consideration of the surrender of the wife's marital interest in the Burlington property, her husband agreed to invest her with a substituted marital interest in other specified land. Such a contract would need to be in writing to be actionable, and the plaintiff does not claim that any such document ever existed.

Giving the pleading its utmost force, it does not charge the husband with perpetrating a fraud on his wife. It indicates a purpose to dispose of real estate situated in a distant county and to invest in other real estate nearer home, which was only partially carried out. The wife concurred, believing it would be fully carried out. Conceding that the effect was to devest the wife of her marital interest in the Burlington property, the obligation, if any, to reinvest in other land was moral, instead of legal. Unless there were actual fraud, giving the wife a clear right to impound the proceeds or to control their use, she cannot pursue them. The substantial claim made in the petition is for a widow's statutory interest in specific tracts of land, a fee-simple title to one-half in value. In order to recover, the plaintiff must claim under the statute and through her husband, and her husband had no interest in the property to which her statutory right could attach.

Some make-weight allegations are inserted in the petition, to the effect that through the joint efforts of husband and wife, incumbrances on the land in controversy were paid off, and valuable, permanent improvements were placed on it. The plaintiff does not ask for compensation, or for a lien. What she wants is one-half the land, something she is not entitled to receive.

The plaintiff presents no tenable theory, legal or equitable, according to which the relief demanded could be awarded, and the court knows of none. Therefore, the judgment of the district court is affirmed.