No. 25,112.

*In re* The Estate of H. H. BLAKELY, Deceased, MRS. LUELLA
BLAKELY, Administratrix, *Appellant,* v. JOHN T. BLAKELY
et al., *Appellees.*

SYLLABUS BY THE COURT.

WILL—*Interpretation Widow's Life Interest in Growing Wheat Crop—Rights
of Remainderman.* The proceedings considered, and *held,* the proceeds of
a wheat crop, grown by a tenant on land belonging to a testator, and har-
vested and sold after the testator's death, became assets of his estate; by
the terms of his will, his widow took merely the use, income and profit of
the fund for her life; and the widow, who was also administratrix, was prop-
erly required to give security to account for the fund to remaindermen.

Appeal from Rice district court; DANIEL A. BANTA, judge. Opinion filed
March 8, 1924. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appel-
lant.

*Ben Jones,* of Lyons, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The probate court decided that the proceeds of a
wheat crop grown by a tenant on land belonging to a testator, and
harvested and sold for more than two thousand dollars after the tes-
tator's death, became assets of his estate; by the terms of his will
his widow took merely the use, income and profit of the fund for her
life; and the widow, who was also administratrix, was required to
give security to account for the fund to remaindermen. The district
court approved the judgment of the probate court, and the widow
appeals. The will reads as follows:

"I, H. H. Blakely, being of full age and of sound mind and disposing mind
and memory, do hereby make, execute and publish this, my last will and
testament.

"1st. It is my will that my executor, hereinafter named, shall, out of my
estate, first pay all my just debts, including the expenses of my last sickness
and funeral expenses.

"2nd. I give, devise and bequeath unto my wife, Luella Blakely, for and
during the term of her natural life, should she survive me, the use of all my
property, both real and personal, with the rents, issues, profits and proceeds
thereof. It is my further will that my real estate shall remain intact until
divided and distributed as provided by the third paragraph of this will, and
my said wife, Luella Blakely, shall have no power to sell, convey, alien, mort-
gage or otherwise encumber any portion of the real estate of which I may die
seized or possessed.

"3rd. It is my will that after the death of Luella Blakely, all the rest, residue and remainder of my estate, both real and personal, shall be equally divided, share and share alike, between and among the following persons, to-wit: [naming them]."

The widow was appointed administratrix with will annexed. The wheat was the landlord's share of a crop raised by a tenant, and shortly after harvest was sold for more than two thousand dollars. The widow took title to the wheat in her capacity as administratrix, and the proceeds of the sale were assets of the estate. (*Kesler v. Heberling,* 113 Kan. 571, 213 Pac. 639.)

The first contention is that since the wheat was rent wheat, the devisee took title by virtue of express terms of the will. The will gave to the devisee merely the use of his real and personal property for life. This use extended generally to all the testator's property without specification, and whether due from tenants or otherwise, and the rents, issues and profits mentioned in the will are such as the devisee might derive from her use of the property, not the testator's use.

The next contention is that the express provision relating to keeping the real estate intact, indicates the personal property was not to be so kept; the third item of the will disposes of the "rest, residue and remainder" of the testator's estate; and consequently the testator contemplated the remaindermen would take merely what personal property the life tenant might leave after her death. It is true the testator did not contemplate the entire corpus of his personal estate would be received by the remaindermen. He provided for payment of his debts, which would consume some of it and, as applied to the personal estate, the words "rest, residue and remainder" are satisfied by referring them to what remained after payment of debts. Besides this, the widow's entire estate is created by item two. The words, "all the rest, residue and remainder," found in item three, expressly apply to real and personal property alike. They refer, therefore, not to quantity of property in the physical sense, but to quantity of estate—remainder after life estate; and the restriction on use of real property contained in item two merely emphasized the limited estate which the life tenant took in the land, without implication of any kind respecting the personal property.

Finally, it is contended that gift of personal property consumable in use is gift absolute, and that wheat is such property. The weight of authority is that a specific bequest of consumable articles vests

full title, but a general bequest or a residuary bequest for life with remainder over, of personal property, which includes perishable or consumable articles, vests usufruct only, in the absence of contrary intention expressed in the will. (Case note, 16 L. R. A., n. s., 483.) In Virginia it was held that, while a widow receiving a residuary bequest for life may use articles of personal property, and is not accountable to remaindermen for such as may be worn out or consumed by use, farm crops raised for sale and sold in the usual course of husbandry are not regarded as articles *quæ ipso usu consummuntur*. (*Dunbar's ex'ors v. Woodcock's ex'or*, 10 Leigh, 628.)

In this state the following declaration of law was made in a case involving a general devise and bequest to a wife for life with remainder over of real and personal property, the personal property consisting of notes secured by mortgage which the executor collected:

"In the absence of a direction to the contrary, one who, under a will, takes a life-interest in personal property is allowed to receive and use only the income or profits thereof, and the rights of the owner of the life-estate and those of the person entitled to the remainder must be treated as entitled to equal protection." (*Chase v. Howie*, 64 Kan. 320; 67 Pac. 822.)

In the case just referred to it was contended that if the widow should need to use a portion or all of the principal for her support and maintenance, the intention on the part of the testator that she might do so could be inferred from the words, "for her use and benefit as long as she lives." As indicated, the court held otherwise. In this instance the wheat crop cannot be regarded as belonging to the class of articles naturally and commonly consumable by use, and the probate court was right in requiring security that the proceeds be accounted for to the remaindermen.

The judgment of the district court is affirmed.