No. 43,403

BESSIE M. ACKERS, and UNITED TRUST COMPANY, a corporation, Administrator of the Estate of Frank C. Ackers, deceased, *Appellants*, v. THE FIRST NATIONAL BANK OF TOPEKA, a corporation, Trustee; THE KANSAS UNIVERSITY ENDOWMENT ASSOCIATION, a corporation; FRANCES C. XANDERS; and CHARLOTTE XANDERS, a minor, *Appellees*.

(388 P. 2d 1)

Opinion denying motion for rehearing filed February 6, 1964. (For original opinion see *Ackers v. First National Bank of Topeka*, 192 Kan. 319, 387 P. 2d 840.)

*James C. Johnson, John F. Christner, Paul H. Royer* and *R. H. Royer*, all of Abilene, *Jacob A. Dickinson, Paul C. Aiken, Sam A. Crow, Ralph E. Skoog* and *Bill G. Honeyman*, all of Topeka, appeared on the briefs for the appellants.

*C. L. Clark, James P. Mize, Thomas M. Lillard, Jr.,* and *James T. Graves*, all of Salina, *Olin K. Petefish* and *James L. Postma*, both of Lawrence, appeared on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: The appellees have filed a motion for rehearing challenging that part of the original opinion which permits a widow to assert her statutory right of inheritance against a trust made by her husband, now deceased, in which he reserved to himself the income for life with the right to revoke.

We have considered the motion for rehearing and find no issues pertaining to the question which were not fully considered and resolved by the original opinion. The motion for rehearing is denied.

However, the motion raises one question which should be clarified. The appellees challenge our general conclusion as to the validity of the trust which reads:

"The transfer of property to a trustee under an agreement whereby the settlor reserves to himself the income during his life with the power to revoke, is valid by virtue of G. S. 1949, 33-101 and 67-414, subject only to the rights of creditors and the statutory rights of a surviving spouse." (l. c. Syl. 1.)

In their motion for rehearing appellees state:

"It would indeed be anomalous if this trust were void as to creditors, but beyond the reach of the widow. What the appellees wish to demonstrate

to this court is that the trust in question is void neither as to the creditors or the widow."

It is the contention of the appellees that the trust instrument in question would be valid even as against creditors under the decision in *In re Estate of Morrison,* 189 Kan. 704, 371 P. 2d 171 where it is stated:

"While it is true that here the trust was revocable upon certain conditions and dividends were payable to Clarence during his lifetime, it nevertheless contained a specific beneficiary—Daisy—and we believe it may not be said that it was made for the 'use' of Clarence within the meaning of the mentioned statute. Its terms directed the stock be issued in his name as trustee for her—the beneficiary. It stood unrevoked as of his death, and by its very terms title to the stock then became vested, absolutely, in her as the named beneficiary." (p. 709.)

The Morrison case was not discussed in the original opinion. The facts were so materially different that it was not believed to be applicable. The Morrison case was governed by the provision of § 33-101 before its amendment in 1949; the corpus of the trust constituted but a very small part of the settlor's estate; the wife was the final beneficiary of the trust; the dispute was between the representatives of the estates of the trustor and the beneficiary, and neither the rights of a surviving spouse nor the rights of creditors were in question.

What was said in the Morrison case is not authority for holding that such a trust as was under consideration in the original opinion would not be construed as for "the use of the person or persons making the same," as that term is used in G. S. 1949, 33-101, where the rights of creditors or a widow's right of inheritance were affected by the trust.

APPROVED BY THE COURT.